## JORDAN vs. WHITE.

APPEAL from the court of the parish and city of New-Orleans.

The supreme court affirms the decree of the judge *a quo,* when the case turns on a question of fact, and his conclusion from the evidence is not manifestly erroneous.

MATHEWS, J., delivered the opinion of the court. This is the second appeal in the present case. On the former, after settling many questions, in relation to the admissibility of testimony, the cause was remanded to be tried *de novo. Ante,* 325. According to the form in which it is now presented, its decision

depends wholly on matters of fact; for we
are still of opinion that those of law were cor-
rectly decided by the judgment rendered on
the first appeal.

The court below, in pursuance of its belief,
derived from the whole evidence of the case,
gave judgment in favor of the plaintiff for
$158, from which the defendant appealed.

Independent of the pleas of the latter, by
which he claims in compensation and recon-
vention, the correctness of this judgment is
not contested.

The only evidence found on the record,
in support of the plea of compensation, is a
little book of accounts, said to have belonged
to the steam-boat Teche, in which the entries
now relied on were made, at a time when the
plaintiff was part owner and master of said
boat. This book the judge *a quo* seems to
have considered of little weight, on account of
exhibiting no regular and detached charges
against the appellee, and also having the ap-
pearance of imperfection in the manner in
which it was kept. If we add to these cir-
cumstances the fact disclosed in the testimony
of S. Robitaille, that on a settlement made by

the plaintiff, in the spring 1824, his account with the boat was nearly balanced; it is believed that no doubt can remain of the correctness of the views taken by the parish judge of this part of the cause.

The testimony on the record, which relates to the plea in reconvention, leaves that matter doubtful; that of Robitaille and Shaw tends strongly to fix on the appellee such negligence and misconduct in the management of the cargo of the boat which received damage in 1823, (while he was master and commander) as ought to make him responsible to the owners for the loss by them sustained. The testimony of Peck exonerates him completely from any charge of negligence, and consequent responsibility. If this witness be worthy of belief, and his credibility is not impeached, except by the repugnance between the facts disclosed in his evidence and those in the testimony of Robitaille and Shaw, the conclusion of the judge *a quo*, by which he seems to have rejected the defendant's claim in reconvention, does not appear to us to be so violently opposed to the entire evidence of the case as to require the interference of this court. The truth of Peck's

testimony is somewhat corroborated by the
long silence of the defendant on that subject; his employing the plaintiff afterwards as pilot for the boat, and payment in part of his wages.

It is therefore ordered, adjudged, and decreed that the judgment of the parish court be affirmed with costs.

*Carleton* & *Lockett* for the plaintiff, *M·Caleb & Byrnes* for the defendant.